IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**ROBERT DEON HUFF**                                                **PLAINTIFF**

**V.**                          **CASE NO. 5:16-CV-05083**

**REGIS CORPORATION d/b/a REGIS SALON**                             **DEFENDANT**

### OPINION AND ORDER

Currently before the Court are Defendant Regis Corporation d/b/a Regis Salon's ("Regis") Motion to Dismiss (Doc. 6) and Brief in support (Doc. 7). On May 31, 2016, Plaintiff Robert Deon Huff filed a Response (Doc. 13) in opposition to the Motion. In reviewing the Motion to Dismiss, the Court has also considered the pleadings; Mr. Huff's Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination, which was attached to the Motion;[1] and the Exhibits attached to the Complaint. For the reasons stated herein, the Court now **GRANTS** the Motion to Dismiss.

### I. BACKGROUND

Robert Deon Huff is a former employee of Regis #321 at the Northwest Arkansas Mall in Fayetteville, Arkansas. Mr. Huff worked at Regis as a stylist from some time in 1992 until January 13, 2015, when Regis terminated him. On April 9, 2015, 86 days after Regis terminated Mr. Huff, he filed a Charge of Discrimination with the EEOC against Regis. The Charge alleged age discrimination, discrimination based on a "[h]ostile work environment," and "harassment based on age and sexual orientation."

---

[1] When considering a motion to dismiss, the Court ordinarily does not consider matters outside the pleadings. Fed. R. Civ. P. 12(d). However, the Court may also consider public records. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-803 (8th Cir. 2002) (finding that an EEOC Charge of Discrimination is a public record).

1

(Doc. 6-1). Mr. Huff filed his Charge in accordance with Title VII of the Civil Rights Act ("Title VII") and the Age Discrimination in Employment Act ("ADEA").

Mr. Huff contends that he was fired due to his age and his status as a gay man. Mr. Huff further maintains in his EEOC Charge:

> Beginning in approximately March of 2013, and continuing thereafter, certain supervisors and employees of Regis who were superior to me began to tease me about my age and sexual orientation. At times I was referred to as the salon "Matriarch" or the "Residential Fairy of Regis." This occurred in approximately November, 2014. Over the course of time from approximately March, 2013, continually until and including January 13, I was subjected to ridicule by my co-workers and superiors at work, such as being required to deliver a public apology (standing in the middle of the salon in front of everyone present) for something I was accused of doing which I did not do. It was a humiliating and inappropriate way to handle that situation even if I had done what my superiors claimed that I did. I was suspended without cause in November 2014. There were multiple instances in which I was teased about my age and sexual orientation on a regular basis from March 2013 up to the date I was terminated on January 13, 2015.

*Id.*

Mr. Huff's Complaint also appears to allege that customers were torn away from him "[d]ue to [his] religion and sexual orientation." (Doc. 3). Though he does not identify the specific facts surrounding this incident or incidents, Mr. Huff claims that "[t]his situation has caused defamation of character." *Id.*

Regis responds that Mr. Huff was not fired for discriminatory reasons. Instead, Regis terminated Mr. Huff for failing to return to work on time after taking time off for personal leave, and for his prior suspension due to "unprofessionalism and his actions in front of a walk-in guest." (Doc. 7, p. 1).

On September 23, 2015, the EEOC dismissed Mr. Huff's discrimination charge and sent him a "Right-to-Sue" letter. *See* Doc. 3-2. On March 23, 2016, 182 days after

the EEOC issued Mr. Huff his Right-to-Sue letter, Mr. Huff filed the current Complaint before the Court. On April 21, 2016, Regis filed its Motion to Dismiss arguing first that Mr. Huff's age, sexual orientation, and possible religious discrimination claims should be dismissed because the claims are time-barred, and because Mr. Huff failed to state a claim for each charge; and second, that Mr. Huff's defamation claim also should be dismissed due to a time-bar and for failure to state a claim.

In his Response, Mr. Huff concedes that his discrimination claims are time-barred: "I understand about the time limits clearly. It was a misjudgment to turn the EEOC Right to Sue letter in late." (Doc. 13). However, he argues that his claims should not be dismissed because he feels he has evidence to prove his case on the merits, and "[e]veryone in the United States has a right to be heard in front of a judge and even a right to a fair trial." *Id.*

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must present "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The intention of this is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Even so, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions'

or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In short, "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III. DISCUSSION

#### A. Title VII and ADEA Claims

Regis first argues that any claims by Mr. Huff under Title VII or the ADEA are time-barred, a point that Mr. Huff concedes in his Response. After the EEOC dismisses a charge of discrimination, both Title VII and the ADEA allow a claimant to file suit against the respondent within 90 days of notice or receipt, respectively, of the dismissal. *See* 42 U.S.C. § 2000e-5(f)(1) ("If a charge filed with the Commission . . . is dismissed by the Commission, . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge by the person claiming to be aggrieved"); 29 U.S.C. § 626(e) ("If a charge filed with the Commission under this chapter is dismissed . . . the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person . . . against the respondent named in the charge within 90 days after the date of the receipt of such notice"). The Arkansas Civil Rights Act ("ACRA") also requires a claimant to bring suit within 90 days of receipt of the EEOC's dismissal or within one year after the alleged discrimination occurred. *See* A.C.A. § 16-123-107(c)(3).

Here, the EEOC dismissed Mr. Huff's charges under both Title VII and the ADEA on September 23, 2015. Thus, the latest date Mr. Huff could have filed suit would have been December 22, 2015, 90 days after he received notice of the dismissal. Furthermore, the latest date Mr. Huff could have filed suit for any state law discrimination claims under ACRA would have been January 13, 2016, one year after his notice of termination from Regis. Mr. Huff did not file this current lawsuit until March 23, 2016, 182 days after the EEOC's dismissal and 70 days after the ACRA deadline. Mr. Huff's Title VII and ADEA claims and any possible ACRA claims are clearly time-barred.

In certain limited situations, the Court may for equitable reasons toll the 90-day statute of limitations for commencement of a civil action after dismissal of an EEOC charge. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). These situations include ones where "(1) a claimant has received inadequate notice; (2) a motion for appointment of counsel is pending; (3) the court has led the plaintiff to believe that he or she has done everything required of him or her; or (4) affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 798 (8th Cir. 1998) (citing *Baldwin Cty. Welcome Ctr.*, 466 U.S. at 151). However, in this case the record does not show that any of these situations have occurred, and Mr. Huff has failed to state any reason why the statute of limitations should be tolled. "While Title VII is remedial legislation and its charge-filing provisions are not to be read too literally or technically, '[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'" *Shempert*, 151

5

F.3d at 797 (quoting *Baldwin Cty. Welcome Ctr.*, 466 U.S. at 152). Because Mr. Huff's discrimination claims are time-barred and not subject to tolling, the Court finds it unnecessary to consider Defendant's alternative argument that Mr. Huff failed to state a claim.

For the foregoing reasons, all of Mr. Huff's discrimination claims are dismissed with prejudice.

### B. Defamation Claim

Next, Regis argues that Mr. Huff's defamation claim should be dismissed because it is time-barred, and because Mr. Huff failed to state a claim. Defamation may refer to either slander (spoken defamation) or libel (written defamation). *See Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 955 (2002). Here, the Court will assume Mr. Huff is making a slander claim because he never refers to any written publication in his Complaint or supporting documents. In Arkansas, the statute of limitations for slander is one year. A.C.A. § 16-56-104(3). The statute of limitations for slander begins to run at the time of publication of the alleged slander. *Milam v. Bank of Cabot*, 327 Ark. 256, 262 (1997) (assuming that the time of publication of slander is the time the slanderous statements are made).

Mr. Huff's defamation claim is time-barred. The latest date Mr. Huff could have brought suit is one year after Regis terminated his employment because the defamatory statements he complains his employer and co-workers made about him occurred during his employment at Regis. That date was January 13, 2016. Mr. Huff filed his Complaint on March 23, 2016, 70 days after the deadline.

Because Mr. Huff's defamation claim is time-barred, it is dismissed with prejudice.

## IV. CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Defendant Regis Salon's Motion to Dismiss (Doc. 6) is **GRANTED**. Judgment will be entered contemporaneously with this Order.

**IT IS SO ORDERED** on this 20th day of June, 2016.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE